# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHERIE L. PELLUM,
            Appellant,

      v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
DA-0752-17-0028-I-1

DATE: June 23, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cherie L. Pellum</u>, San Antonio, Texas, pro se.

<u>Kristina Letcher</u>, Esquire, Joint Base San Antonio, Fort Sam Houston,
    Texas, for the agency.

<u>Casey W. Hinson</u>, Esquire, Falls Church, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal based on a settlement agreement. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review and VACATE the initial decision. We RESCIND the settlement agreement, REINSTATE the removal appeal, and FORWARD the case to the Board's Dallas Regional Office for further adjudication in accordance with this Final Order.

## BACKGROUND

¶2 The appellant was removed from her position as a GS-6 Vocational Nurse, effective September 14, 2016, based on her inability to perform her duties. Initial Appeal File (IAF), Tab 9 at 33, 36, 186. The specification supporting the action indicated that the appellant could not perform her essential duties because she had been barred from accessing the agency's information systems, including but not limited to accessing the electronic medical record system and the electronic healthcare record system. *Id.* at 186. The proposal notice also indicated that, on July 25, 2012, before she entered on duty with the agency in the position at issue and while she was on active duty, she was notified of a preliminary decision to deny her security clearance due to a series of delinquent debts; that her security clearance was in fact denied on or about November 3, 2012; that she was nonetheless appointed to her current civilian position on April 6, 2015, although placed on administrative leave on April 21, 2015; that the agency unsuccessfully sought a waiver for her continued access to unclassified information systems to allow her to perform her duties; and that, as the agency advised the appellant, while her position did not require a security clearance, she remained barred from accessing the information systems she needed to perform her essential duties, including accessing patient records or charts, documenting patient records, accessing physician orders or notes, and accessing or inputting patient drugs. *Id.*

¶3 The appellant filed an appeal of her removal with the Board, IAF, Tab 1, and requested a hearing, *id.* at 2, which was duly set, IAF, Tab 16. On January 6, 2017, the last work day before the scheduled hearing, the parties submitted to the administrative judge a signed settlement agreement. IAF, Tab 17. In pertinent

part, the agency agreed to pay the appellant $1,500.00 and, within 20 days, request the cancelation of her removal, provide her with a clean personnel record, and remove from her Official Personnel File all matters related to the removal action. *Id.* For her part, the appellant agreed that her signature on the agreement would constitute a request to resign for personal reasons, effective September 14, 2016, and that she would withdraw her appeal with prejudice. *Id.* The administrative judge canceled the hearing, IAF, Tab 18, and, on January 9, 2017, issued a decision dismissing the appeal as settled, IAF, Tab 19, Initial Decision at 2.

¶4    The following day, January 10, 2017, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. With her petition, she enclosed a January 10, 2017 memorandum for the record with the subject, "Security Clearance Verification," indicating that her security clearance was granted by the Department of Defense Central Adjudication Facility on January 5, 2017. *Id.* at 4. The appellant stated that, had she known about this information on that date, she would not have entered into the settlement agreement because the impediment to her performing her duties had been lifted. *Id.* at 3. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

¶5    It is well settled that a settlement agreement is a contract between the parties that may be set aside or voided only on the basis of certain, limited grounds, inter alia, fraud or a mutual mistake of material fact under which both parties acted. *See, e.g.*, *Harris v. Department of Veterans Affairs*, 142 F.3d 1463, 1468 (Fed. Cir. 1998); *Hamilton v. Department of Veterans Affairs*, 92 M.S.P.R. 467, ¶ 7 (2002). A mutual mistake of fact is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Brown v. Department of the Army*, 108 M.S.P.R. 90, ¶ 5 n.1 (2008); *Garcia v.*

*Department of the Air Force*, 83 M.S.P.R. 277, ¶ 10 (1999) (citing *As'Salaam v. U.S. Postal Service*, 65 M.S.P.R. 417, 421 (1994)).

¶6          Further, implicit in any contract is the requirement that the parties fulfill their respective obligations in good faith, and acting in bad faith may constitute breach. *Adams v. U.S. Postal Service*, 72 M.S.P.R. 6, 11 (1996). The Board has defined "bad faith" as "the conscious doing of a wrong because of dishonest purpose of moral obliquity." *Id.*

¶7          As described above, the parties' January 6, 2017 settlement agreement was premised on the basic assumption that the appellant's security clearance, and attendant access to information necessary to the performance of her duties, had been denied in 2012, and that the propriety of that agency action remained pending before the appropriate authority. The memorandum the appellant submitted to the Board with her petition for review indicates that, in fact, on the day before the parties signed the agreement, her security clearance was granted. PFR File, Tab 1 at 4. Thus, the parties may have executed the agreement under a mutual mistake of fact, i.e., by virtue of the fact that her security clearance had been granted, the appellant now had access to the information she needed to perform her duties. *Cf. Woodjones v. Department of the Army*, 89 M.S.P.R. 196, ¶ 12 (2001) (holding that a shared misunderstanding about whether a decision on the appellant's disability retirement application had been made, and the time to challenge it had passed, would be a mutual mistake of fact).

¶8          On the other hand, if the individuals who negotiated the agreement on behalf of the agency knew or had reason to know that the appellant's security clearance had been granted, then, at the very least, the agency would have negotiated the agreement in bad faith, keeping to itself the knowledge that the impediment to the appellant's performing her duties had been lifted. However, there is nothing in the record to indicate whether, at the time the parties executed

the settlement agreement, either one knew or had reason to know that the appellant's security clearance had been granted.[2]

¶9      Nonetheless, either under the theory of mutual mistake or bad faith on the part of the agency in negotiating the settlement agreement, it must be set aside. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶¶ 14-16 (2010); *Farrell v. Department of the Interior*, 86 M.S.P.R. 384, ¶ 8 (2000) (stating that "[a] settlement agreement must be set aside if it is tainted with invalidity either by fraud practiced upon a party or by a mutual mistake under which both parties acted").    As a result, the underlying appeal must be reinstated.    *Vance*, 114 M.S.P.R. 679, ¶ 16.

## ORDER

¶10     For the reasons discussed above, we rescind the settlement agreement and reinstate the appeal.   We forward the case to the Dallas Regional Office for further adjudication in accordance with this Final Order.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] The Security Clearance Verification the appellant submitted with her petition for review was not issued by the work facility at which she was employed, and there is no indication on that document that a copy was forwarded there.  PFR File, Tab 1 at 4. Nor has the agency indicated, in its response to the appellant's petition, whether it was aware that her security clearance had been granted at the time it entered into the settlement agreement.  PFR File, Tab 3.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.